U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

2022 FEB 17 PM 1:18

CLERK
BY_____
DEPUTY CLERK

| | |
|---|---|
| THE CINCINNATI INSURANCE COMPANY<br>6200 South Gilmore Road<br>Fairfield, Ohio 45014<br><br>Plaintiff,<br><br>v.<br><br>TWIN CEDAR MECHANICAL, INC.<br>156 Alcorn Lane, Suite #1045<br>Colchester, VT 05446<br><br>and<br><br>BAKER PLUMBING & HEATING, INC.<br>1125 Centerville Road<br>Hyde Park, VT 05655<br><br>Defendants. | CIVIL ACTION<br><br>CASE NO.: 2:22cv-50<br><br>JURY TRIAL DEMANDED |

## CIVIL ACTION COMPLAINT

Plaintiff, The Cincinnati Insurance Company, as subrogee of Brian Smale, by way of Civil Action Complaint against Defendants, Twin Cedar Mechanical, Inc. and Baker Plumbing & Heating, Inc., alleges as follows:

## THE PARTIES

1. Plaintiff, The Cincinnati Insurance Company ("Plaintiff"), as subrogee of Brian Smale ("Insured), is a corporation organized and existing under the laws of the State of Ohio with a principal place of business located at 6200 South Gilmore Road, Fairfield, Ohio 45014.

2. Defendant, Twin Cedar Mechanical, Inc. ("Twin Cedar"), is a corporation organized and existing under the laws of the State of Vermont with a registered business address located at 156 Acorn Lane, Suite #1045, Colchester, VT 05446.

3. Defendant, Baker Plumbing & Heating, Inc. ("Baker"), is a corporation organized and existing under the laws of the State of Vermont with a registered business address located at 1125 Centerville Road, Hyde Park, VT 05655.

## JURISDICTION AND VENUE

4. Jurisdiction in this Court is based upon diversity of citizenship pursuant to 28 U.S.C. §1332(a)(1) as this action involves a controversy between citizens of different states and the amount in controversy exceeds the jurisdictional threshold of this Court (exclusive of interest and costs).

5. Venue in this Court is proper pursuant to 28 U.S.C. §1391(a) because a substantial part of the events or omissions which gave rise to the Plaintiff's claims asserted herein occurred within the District of Vermont.

6. At all times material hereto, Defendant Twin Cedar regularly conducted business in and maintained substantial and continuous contacts within the District of Vermont.

7. At all times material hereto, Defendant Baker regularly conducted business in and maintained substantial and continuous contacts within the District of Vermont.

## BACKGROUND

8. At all times material hereto, Plaintiff's Insured was the owner and occupant of the residential property located at 617 Campbell Road, Morrisville, VT 05661 (the "Home").

9. At all times material hereto, Plaintiff was duly authorized to issue policies of insurance in the State of Vermont.

10. At all times material hereto, Plaintiff provided insurance coverage to its Insured for the Home and the contents therein pursuant to a policy of insurance, 05H010959745 (the "Policy").
2

11. At all times material hereto, Defendant Twin Cedar was engaged in the business of performing home construction and improvement services.

12. Prior to February 24, 2019, Defendant Twin Cedar was retained to, and undertook to perform, certain home construction and improvement services at the Home, including, but not limited to, the installation of ductwork in and around a fireplace and chimney system (the "Fireplace") at the Home (hereinafter, the "Twin Cedar Services").

13. Prior to February 24, 2019, Defendant Twin Cedar performed the Twin Cedar Services.

14. At all times material hereto, Defendant Baker was engaged in the business of performing home construction and improvement services.

15. Prior to February 24, 2019, Defendant Baker was retained to, and undertook to perform, certain home construction and improvement services at the Home, including, but not limited to, the modification of a vent shield and installation of ductwork in and around a fireplace and chimney system (the "Fireplace") at the Home (hereinafter, the "Baker Services").

16. Prior to February 24, 2019, Defendant Baker performed the Baker Services.

17. On or about February 24, 2019, a fire occurred at the Home (the "Fire") due to the negligence of Defendant Twin Cedar and/or Defendant Baker, individually, jointly, and/or severally, in improperly failing to perform the Twin Cedar Services and/or the Baker Services.

18. As a result of the negligence of Defendant Twin Cedar and/or Defendant Baker, individually, jointly, and/or severally, Plaintiff's Insured sustained substantial damage to the remainder of the Home and the contents therein.

19. As a result of the Fire, and pursuant to the Policy issued to the Insured by Plaintiff, Plaintiff made payments to, or on behalf of, its Insured in an amount in excess of $351,517.27.

20. By virtue of the payments made to, or on behalf of, its Insured, and in accordance with the terms and conditions of the Policy, Plaintiff is now legally, equitably, and contractually subrogated to the rights of its Insured as against Defendant Twin Cedar and/or Defendant Baker, individually, jointly, and/or severally, to the extent of said payments.

### COUNT I – NEGLIGENCE
**(Plaintiff v. Defendant Twin Cedar)**

21. Plaintiff hereby incorporates the previous paragraphs of this Complaint as if fully set forth herein at length.

22. Defendant Twin Cedar had a duty to perform the Twin Cedar Services at the Home in a reasonably safe manner so as to prevent and/or avoid reasonably foreseeable harm to others.

23. Defendant Twin Cedar had a duty to perform the Twin Cedar Services in a manner consistent with the standards of care within its profession so as to prevent and/or avoid reasonably foreseeable harm to others.

24. Defendant Twin Cedar had a duty to comply with all local, state, and federal laws, statutes, ordinances, rules, regulations, and/or codes in performing the Twin Cedar Services so as to prevent and/or avoid reasonably foreseeable harm to others.

25. Defendant Twin Cedar had a duty to comply with all acceptable industry standards and codes in performing the Twin Cedar Services so as to prevent and/or avoid reasonably foreseeable harm to others.

26. Defendant Twin Cedar had a duty to comply with all manufacturer's standards, instructions, procedures, and practices in performing the Twin Cedar Services so as to prevent and/or avoid reasonably foreseeable harm to others.

27. Defendant Twin Cedar, through the acts and omissions of its agents, servants, workmen, contractors and/or employees, breached its duties of care by performing Twin Cedar Services in an improper, unreasonable, negligent, and/or careless manner, both generally and specifically as follows by:

   a. Failing to exercise reasonable care in performing the Twin Cedar Services;

   b. Failing to exercise reasonable care in performing the installation of ductwork in and around the Fireplace at the Home;

   c. Failing to properly install and inspect the ductwork in and around the Fireplace;

   d. Failing to perform the Twin Cedar Services in a careful and workmanlike manner;

   e. Failing to properly inspect and identify defects in the Fireplace after performing the Twin Cedar Services to determine whether said work was performed properly;

   f. Failing to perform the Twin Cedar Services, including the installation of ductwork in and around the Fireplace, without providing adequate clearance to combustible materials;

   g. Failing to warn the Insured that the Fireplace presented a risk of fire and harm to the Home and its occupants;

  h. Failing to properly monitor, supervise, and/or oversee its agents, servants, workmen, contractors and/or employees to ensure the exercise of reasonable care in performing the Twin Cedar Services;

  i. Failing to adequately instruct, train, monitor, supervise, and/or oversee its agents, servants, workmen, contractors and/or employees as to the proper ways to perform the Twin Cedar Services;

  j. Failing to establish, provide, implement, and/or follow proper and adequate controls so as to ensure the proper performance of the Twin Cedar Services;

  k. Failing to comply with all local, state, and federal laws, statutes, ordinances, rules, regulations, and/or codes in performing the Twin Cedar Services;

  l. Failing to properly monitor, supervise, and/or oversee its agents, servants, workmen, contractors and/or employees to ensure compliance with all local, state, and federal laws, statutes, ordinances, rules, regulations, and/or codes in the performance of the Twin Cedar Services;

  m. Failing to comply with all acceptable industry standards and codes in the performance of the Twin Cedar Services;

  n. Failing to properly monitor, supervise, and/or oversee its agents, servants, workmen, contractors and/or employees to ensure compliance with all acceptable industry standards and codes in the performance of the Twin Cedar Services;

  o. Failing to follow the manufacturer's standards, instructions, procedures and practices for performing the Twin Cedar Services;

p.  Failing to properly monitor, supervise, and/or oversee its agents, servants, workmen, contractors and/or employees to ensure compliance with the manufacturer's standards, instructions, procedures and practices for performing the Twin Cedar Services;

q.  Failing to ensure that the Home was in a reasonably safe condition at all times;

r.  Failing to properly monitor, supervise, and/or oversee its agents, servants, workmen, contractors and/or employees to ensure that the Home was in a reasonably safe condition at all times;

s.  Failing to exercise reasonable care in retaining competent, qualified, and/or able agents, servants, workmen, contractors and/or employees to properly perform the Twin Cedar Services;

t.  Failing to exercise reasonable care in investigating and/or assessing the competency, qualifications, level of expertise, and/or skills of its agents, servants, workmen, contractors and/or employees to properly perform the Twin Cedar Services;

u.  Utilizing person(s) and/or entities to perform the Twin Cedar Services when it knew or should have known that such person(s) and/or entities lacked the requisite, proper, and/or adequate competency, qualifications, level of expertise, and/or skills to properly perform said activities;

v.  Failing to perform the Twin Cedar Services so as not to create a foreseeable risk of harm to others or property;

w.     Permitting a defective and dangerous condition to exist at the Home that created an unreasonable risk of harm to others or property, of which it knew, or in the exercise of reasonable care, should have known; and/or,

x.     Failing to take necessary and reasonable precautions in order to safeguard others or property against the risk of harm from fire.

28.    As a direct, proximate, and foreseeable result of the improper, unreasonable, negligent, and/or careless conduct of Defendant Twin Cedar as aforesaid, the Fire occurred causing substantial damage to the remainder of the Home and the contents therein.

29.    As a direct, proximate, and foreseeable result of the improper, unreasonable, negligent, and/or careless conduct of Defendant Twin Cedar as aforesaid, Plaintiff's Insured sustained substantial losses, including damage to property, damage to appurtenant property, loss of use, interference with quiet enjoyment and stress, distress and emotional upset caused by the fire and destruction of personal effects.

30.    As a direct, proximate, and foreseeable result of the improper, unreasonable, negligent, and/or careless conduct of Defendant Twin Cedar as aforesaid, and pursuant to insurance policy issued by Plaintiff, Plaintiff made payments to, or on behalf of, its Insured in an amount in excess of $351,517.27.

31.    By virtue of the payments made to, or on behalf of, its Insured, and in accordance with the terms and conditions of the Policy, Plaintiff is now legally, equitably, and contractually subrogated to the rights of its Insured as against Defendant Twin Cedar, individually, jointly, and/or severally, to the extent of said payments.

**WHEREFORE**, Plaintiff hereby demands judgment in its favor and against Defendant Twin Cedar, individually, jointly, severally, and/or in the alternative, in an amount in excess of $351,517.27, together with pre-judgment interest, post-judgment interest, and such other relief as this Honorable Court finds proper and just under the circumstances.

### COUNT II – BREACH OF CONTRACT
(Plaintiff v. Defendant Twin Cedar)

32.  Plaintiff hereby incorporates the previous paragraphs of this Complaint as if fully set forth herein at length.

33.  In or around April 13, 2017, Plaintiff's Insured contracted with Donald P. Blake Jr., Inc. ("Blake") to build and construct the Home.

34.  Upon information and belief, prior to February 24, 2019, Blake entered into a written agreement with Defendant Twin Cedar, pursuant to which Defendant Twin Cedar, in exchange for certain payments, agreed to perform the Twin Cedar Services at the Home. At this time, Plaintiff is not in possession of a copy of the written contract between Blake and Defendant Twin Cedar, but, upon information and belief, believes that Defendant Twin Cedar is either in possession of a copy of the contract and/or is in a superior position to obtain a copy of the contract such that it is not prejudiced at this time.

35.  In the alternative, upon information and belief, prior to February 24, 2019, Blake entered into an oral agreement with Defendant Twin Cedar, pursuant to which Defendant Twin Cedar, in exchange for certain payments, agreed to perform the Twin Cedar Services at the Home.

36.  At all times material hereto, Plaintiff's Insured was an intended third-party beneficiary of the agreement between Blake and Defendant Twin Cedar.

37. Upon information and belief, in order to induce Blake to enter into the aforesaid contract, Defendant Twin Cedar represented that it possessed the necessary knowledge, training, and/or skill to perform the Twin Cedar Services.

38. Upon information and belief, the agreement between Blake and Defendant Twin Cedar included certain implied warranties that the Twin Cedar Services would be performed in a workmanlike manner, with the necessary knowledge, skill, care, and ability.

39. Upon information and belief, all conditions precedent to and all obligations of Blake under the agreement with Defendant Twin Cedar were performed.

40. Defendant Twin Cedar, through the acts and omissions of its agents, servants, workmen, contractors and/or employees, breached its agreement, including the aforementioned warranty of workmanlike performance, by failing to properly perform the Twin Cedar Services.

41. As a direct and proximate result of Defendant Twin Cedar's breaches as aforesaid, the Fire occurred causing substantial damage to the remainder of the Home and the contents therein.

42. As a direct and proximate result of Defendant Twin Cedar's breaches as aforesaid, Plaintiff's Insured sustained substantial losses.

43. As a direct and proximate result of Defendant Twin Cedar's breaches as aforesaid, and pursuant to insurance policy issued by Plaintiff, Plaintiff made payments to, or on behalf of, its Insured in an amount in excess of $351,517.27.

44. By virtue of the payments made to, or on behalf of, its Insured, and in accordance with the terms and conditions of the Policy, Plaintiff is now legally, equitably, and contractually

subrogated to the rights of its Insured as against Defendant Twin Cedar, individually, jointly, and/or severally, to the extent of said payments.

**WHEREFORE**, Plaintiff hereby demands judgment in its favor and against Defendant Twin Cedar, individually, jointly, severally, and/or in the alternative, in an amount in excess of $351,517.27, together with pre-judgment interest, post-judgment interest, and such other relief as this Honorable Court finds proper and just under the circumstances.

### COUNT III – NEGLIGENCE
### (Plaintiff v. Defendant Baker)

45. Plaintiff hereby incorporates the previous paragraphs of this Complaint as if fully set forth herein at length.

46. Defendant Baker had a duty to perform the Baker Services inside the Home in a reasonably safe manner so as to prevent and/or avoid reasonably foreseeable harm to others.

47. Defendant Baker had a duty to perform the Baker Services in a manner consistent with the standards of care within its profession so as to prevent and/or avoid reasonably foreseeable harm to others.

48. Defendant Baker had a duty to comply with all local, state, and federal laws, statutes, ordinances, rules, regulations, and/or codes in performing the Baker Services so as to prevent and/or avoid reasonably foreseeable harm to others.

49. Defendant Baker had a duty to comply with all acceptable industry standards and codes in performing the Baker Services so as to prevent and/or avoid reasonably foreseeable harm to others.

50. Defendant Baker had a duty to comply with all manufacturer's standards, instructions, procedures, and practices in performing the Baker Services so as to prevent and/or avoid reasonably foreseeable harm to others.

51. Defendant Baker, through the acts and omissions of its agents, servants, workmen, contractors and/or employees, breached their duties of care by performing Baker Services in an improper, unreasonable, negligent, and/or careless manner, both generally and specifically as follows by:

    a. Failing to exercise reasonable care in performing the Baker Services;

    b. Failing to exercise reasonable care in performing the installation of ductwork in and around the Fireplace at the Home;

    c. Failing to exercise reasonable care in performing the modifications of the vent shield in and around the Fireplace at the Home;

    d. Failing to properly install and inspect the ductwork in and around the Fireplace;

    e. Failing to perform the Baker Services in a careful and workmanlike manner;

    f. Failing to properly inspect and identify defects in the Fireplace after performing the Baker Services to determine whether said work was performed properly;

    g. Failing to perform the Baker Services, including the installation of ductwork in and around the Fireplace, without providing adequate clearance to combustible materials;

    h. Failing to warn the Insured that the Fireplace presented a risk of fire and harm to the Home and its occupants;

i. Failing to properly monitor, supervise, and/or oversee its agents, servants, workmen, contractors and/or employees to ensure the exercise of reasonable care in performing the Baker Services;

j. Failing to adequately instruct, train, monitor, supervise, and/or oversee its agents, servants, workmen, contractors and/or employees as to the proper ways to perform the Baker Services;

k. Failing to establish, provide, implement, and/or follow proper and adequate controls so as to ensure the proper performance of the Baker Services;

l. Failing to comply with all local, state, and federal laws, statutes, ordinances, rules, regulations, and/or codes in performing the Baker Services;

m. Failing to properly monitor, supervise, and/or oversee its agents, servants, workmen, contractors and/or employees to ensure compliance with all local, state, and federal laws, statutes, ordinances, rules, regulations, and/or codes in the performance of the Baker Services;

n. Failing to comply with all acceptable industry standards and codes in the performance of the Baker Services;

o. Failing to properly monitor, supervise, and/or oversee its agents, servants, workmen, contractors and/or employees to ensure compliance with all acceptable industry standards and codes in the performance of the Baker Services;

p. Failing to follow the manufacturer's standards, instructions, procedures and practices for performing the Baker Services;

q. Failing to properly monitor, supervise, and/or oversee its agents, servants, workmen, contractors and/or employees to ensure compliance with the manufacturer's standards, instructions, procedures and practices for performing the Baker Services;

r. Failing to ensure that the Home was in a reasonably safe condition at all times;

s. Failing to properly monitor, supervise, and/or oversee its agents, servants, workmen, contractors and/or employees to ensure that the Home was in a reasonably safe condition at all times;

t. Failing to exercise reasonable care in retaining competent, qualified, and/or able agents, servants, workmen, contractors and/or employees to properly perform the Baker Services;

u. Failing to exercise reasonable care in investigating and/or assessing the competency, qualifications, level of expertise, and/or skills of its agents, servants, workmen, contractors and/or employees to properly perform the Baker Services;

v. Utilizing person(s) and/or entities to perform the Baker Services when it knew or should have known that such person(s) and/or entities lacked the requisite, proper, and/or adequate competency, qualifications, level of expertise, and/or skills to properly perform said activities;

w. Failing to perform the Baker Services so as not to create a foreseeable risk of harm to others or property;

    x. Permitting a defective and dangerous condition to exist at the Home that created an unreasonable risk of harm to others or property, of which it knew, or in the exercise of reasonable care, should have known; and/or,

    y. Failing to take necessary and reasonable precautions in order to safeguard others or property against the risk of harm from fire.

  52. As a direct, proximate, and foreseeable result of the improper, unreasonable, negligent, and/or careless conduct of Defendant Baker as aforesaid, the Fire occurred causing substantial damage to the remainder of the Home and the contents therein.

  53. As a direct, proximate, and foreseeable result of the improper, unreasonable, negligent, and/or careless conduct of Defendant Baker as aforesaid, Plaintiff's Insured sustained substantial losses, including damage to property, damage to appurtenant property, loss of use, interference with quiet enjoyment and stress, distress and emotional upset caused by the fire and destruction of personal effects.

  54. As a direct, proximate, and foreseeable result of the improper, unreasonable, negligent, and/or careless conduct of Defendant Baker as aforesaid, and pursuant to insurance policy issued by Plaintiff, Plaintiff made payments to, or on behalf of, its Insured in an amount in excess of $351,517.27.

  55. By virtue of the payments made to, or on behalf of, its Insured, and in accordance with the terms and conditions of the Policy, Plaintiff is now legally, equitably, and contractually subrogated to the rights of its Insured as against Defendant Baker, individually, jointly, and/or severally, to the extent of said payments.

**WHEREFORE**, Plaintiff hereby demands judgment in its favor and against Defendant Baker, individually, jointly, severally, and/or in the alternative, in an amount in excess of $351,517.27, together with pre-judgment interest, post-judgment interest, and such other relief as this Honorable Court finds proper and just under the circumstances.

### COUNT IV – BREACH OF CONTRACT
(Plaintiff v. Defendant Baker)

56. Plaintiff hereby incorporates the previous paragraphs of this Complaint as if fully set forth herein at length.

57. In or around April 13, 2017, Plaintiff's Insured contracted with Donald P. Blake Jr., Inc. ("Blake") to build and construct the Home.

58. Upon information and belief, prior to February 24, 2019, Blake entered into a written agreement with Defendant Baker, pursuant to which Defendant Baker, in exchange for certain payments, agreed to perform the Baker Services at the Home. At this time, Plaintiff is not in possession of a copy of the written contract between Blake and Defendant Baker, but, upon information and belief, believes that Defendant Baker is either in possession of a copy of the contract and/or is in a superior position to obtain a copy of the contract such that it is not prejudiced at this time.

59. In the alternative, upon information and belief, prior to February 24, 2019, Blake entered into an oral agreement with Defendant Baker, pursuant to which Defendant Baker, in exchange for certain payments, agreed to perform the Baker Services at the Home.

60. At all times material hereto, Plaintiff's Insured was an intended third-party beneficiary of the agreement between Blake and Defendant Baker.

61. Upon information and belief, in order to induce Blake to enter into the aforesaid contract, Defendant Baker represented that it possessed the necessary knowledge, training, and/or skill to perform the Baker Services.

62. Upon information and belief, the agreement between Blake and Defendant Baker included certain implied warranties that the Baker Services would be performed in a workmanlike manner, with the necessary knowledge, skill, care, and ability.

63. Upon information and belief, all conditions precedent to and all obligations of Blake under the agreement with Defendant Baker were performed.

64. Defendant Baker, through the acts and omissions of its agents, servants, workmen, contractors and/or employees, breached its agreement, including the aforementioned warranty of workmanlike performance, by failing to properly perform the Baker Services.

65. As a direct and proximate result of Defendant Baker's breaches as aforesaid, the Fire occurred causing substantial damage to the remainder of the Home and the contents therein.

66. As a direct and proximate result of Defendant Baker's breaches as aforesaid, Plaintiff's Insured sustained substantial losses.

67. As a direct and proximate result of Defendant Baker's breaches as aforesaid, and pursuant to insurance policy issued by Plaintiff, Plaintiff made payments to, or on behalf of, its Insured in an amount in excess of $351,517.27.

68. By virtue of the payments made to, or on behalf of, its Insured, and in accordance with the terms and conditions of the Policy, Plaintiff is now legally, equitably, and contractually subrogated to the rights of its Insured as against Defendant Baker, individually, jointly, and/or severally, to the extent of said payments.

**WHEREFORE**, Plaintiff hereby demands judgment in its favor and against Defendant Baker, individually, jointly, severally, and/or in the alternative, in an amount in excess of $351,517.27, together with pre-judgment interest, post-judgment interest, and such other relief as this Honorable Court finds proper and just under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demand trial by jury in this action.

Dated at Burlington, Vermont, this _17th_ day of February, 2022.

Respectfully submitted,

The Burlington Law Practice, PLLC
Attorneys for Plaintiffs,

_____
Joshua L. Simonds, Esq.
2 Church St., Suite 2G
Burlington, VT 05401
(t) (802) 651-5370
jls@burlingtonlawpractice.com